UNITED STATES of America, Plaintiff-Appellee,

v.

Jeanette D. RICHARDSON, Defendant-Appellant.

No. 78–5215

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1978.

Nelson E. Bailey, West Palm Beach, Fla. (Court-appointed), for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Karen L. Atkinson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Jeanette Richardson appeals her conviction on one count of forging the endorsement upon a United States Treasury check and one count of uttering that forged check in violation of 18 U.S.C. § 495. She asserts that the sentence she received is too severe, contends that the district judge considered an impermissible factor in imposing that sentence and claims that the trial court committed reversible error in excusing a prospective juror for cause on its own motion. We find each contention to be without merit and affirm the conviction.

Appellant Richardson worked as a service representative at the Social Security Ad-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

ministration's office in Del Ray Beach, Florida. According to the signed confession she gave a Secret Service agent and her own testimony at trial, Richardson removed a Social Security check in the amount of $418.00, payable to Ira E. and Darlene E. Merchant, from her office files and brought it to her home. She signed the endorsement "Ira E. Merchant" on the back of the check and had her twelve-year-old daughter sign Mrs. Merchant's endorsement. Richardson then took the check, along with a deposit slip executed by her daughter in Ira Merchant's name, to the drive-in window of a local bank, where she attempted to deposit part of the proceeds and obtain the remainder in cash. When the teller and a bank official requested identification and expressed their intention to verify the endorsement signatures, Richardson drove off, leaving the check and deposit slip behind.

■ Richardson pled not guilty to an indictment charging her with one count of forging a United States Treasury check and one count of uttering the forged check. The jury found her guilty on both counts and the trial judge sentenced her to a year and a day in prison on each, the sentences to run concurrently. Richardson attacks this sentence, claiming that, in light of other penalties imposed for similar offenses, her punishment is too severe. However, 18 U.S.C. § 495 provides a maximum prison term of ten years for each of the crimes of which Richardson was convicted. In addition, the trial judge outlined at the sentencing hearing his reasons for imposing a prison term. These included the desire to deter other government employees from similar violations of trust and the fact that Richardson had involved her young child in her criminal activities. Given the maximum penalty allowed by the statute and the particular nature of Richardson's offense, we find that the trial judge did not abuse his broad sentencing discretion. *United States v. Cumbie,* 5 Cir., 1978, 569 F.2d 273, 274–75.

■ Richardson further contends that the district judge impermissibly considered her alleged lack of remorse in deciding her punishment. The judge did note at the sentencing hearing that he had "not detected any compunction or remorse in this lady," but he also stressed that deterrence of similar abuses by other government employees was his "main motivation" in sending Richardson to prison. It is permissible to consider such a range of factors in determining sentence and we find that the district judge did not commit error in deciding Richardson's punishment. *United States v. Grayson,* —— U.S. ——, 98 S.Ct. 2610, 2616, 57 L.Ed.2d 582 (1978); *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972).

■ Finally, Richardson asserts that the lower court committed reversible error in excusing a prospective juror for cause on the court's own motion. During voir dire, this juror said, "I'm not sure that there is any instance in which I would find a case made by the Government to be convincing" and added that as a "philosophical" matter he did not "believe in reasonable doubt" or "believe the Government can prove beyond the shadow of any doubt at all that the defendant did what she is charged with doing." The trial judge acted properly in excusing this juror. *United States v. Bailey,* 5 Cir., 1972, 468 F.2d 652, 658, *aff'd on other grounds,* 5 Cir., 1973, 480 F.2d 518 (en banc).

AFFIRMED.