**UNITED STATES of America**

v.

**Regina DONALDSON, Appellant.**

**No. 85–1676.**

United States Court of Appeals,
Third Circuit.

Argued June 4, 1986.

Decided July 24, 1986.

Rehearing and Rehearing In Banc
Denied Aug. 27, 1986.

Edward H. Weis (argued), Defender Ass'n of Philadelphia, Federal Court Div., Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Paul L. Gray (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, WEIS and HIGGINBOTHAM, Circuit Judges.

**OPINION OF THE COURT**

ADAMS, Circuit Judge.

Appellant, Regina Donaldson, was convicted of forging the payee endorsement on a United States Treasury check in violation of 18 U.S.C. § 510(a)(2) (Supp. I 1983), and of uttering the check in violation of 18

U.S.C. § 495 (1982). The district court imposed a $50 assessment against her upon each of the two convictions under 18 U.S.C. § 3013(a) (Supp. II 1984). The issue raised here is whether the district court properly interpreted § 3013(a) as authorizing the imposition of a separate assessment for each offense of which a defendant is convicted, or whether Congress intended by § 3013(a) to subject a defendant to a single assessment for all offenses of which she is convicted in the same proceeding.

We conclude that the district court correctly interpreted and applied § 3013(a) to impose two $50 assessments upon appellant for her two felony convictions. We further hold that the district court did not abuse its discretion in denying appellant's request that she be allowed an extension of time to pay the assessments.

## I.

Regina Donaldson was charged in a two-count indictment in August 1985 with forging and uttering a United States Treasury check in violation of 18 U.S.C. §§ 495, 510(a)(2). She pleaded guilty to both counts on September 25, 1985. Prior to that time, the government had made clear its position that Donaldson could be subjected to an assessment on each count, if convicted, under 18 U.S.C. § 3013(a). That section provides:

(a) The court shall assess on any person convicted of an offense against the United States—

(1) in the case of a misdemeanor—

(A) the amount of $25 if the defendant is an individual; and

(B) the amount of $100 if the defendant is a person other than an individual; and

(2) in the case of a felony—

(A) the amount of $50 if the defendant is an individual; and

(B) the amount of $200 if the defendant is a person other than an individual

(b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.

Inasmuch as Donaldson was charged with two felonies, the government argued that she was subject to a total assessment of $100. Donaldson, however, contended that § 3013(a) authorized only the imposition of a single $50 assessment, since the two felonies with which she was charged had been joined in a single proceeding. When she entered her guilty pleas, she expressly reserved the right to contest the government's construction of § 3013.

On August 29, 1985, Donaldson was sentenced to a two-year term of probation on each count, the terms to run concurrently; the imposition of any custodial sentence was suspended. Pursuant to § 3013(a), the court levied two $50 assessments against Donaldson, one for each felony of which she was convicted.

At the time of the imposition of the assessments, Donaldson requested that she be allowed a period of one year to pay the assessments because of her poor financial condition. The district court denied this request.

In this appeal, Donaldson argues that the district court misinterpreted § 3013(a) as authorizing that assessments be levied on a "per count" rather than a "per defendant" basis. She also contends that § 3013(b) incorporates the provisions of 18 U.S.C. § 3565 (1982), *as amended by* Act of Oct. 30, 1984, §§ 2, 12(a)(7), Pub.L. No. 98–596, 98 Stat. 3134, 3139 (1984), which allow for deferral of the payment of fines "in the interest of justice." § 3565(b)(1)(A). She maintains that, in view of her unemployment and indigency, it was an abuse of discretion for the district court to deny her request for additional time to pay the $100 assessment.

## II.

### A.

Congress enacted § 1405(b) of the Comprehensive Crime Control Act of 1984, 18 U.S.C. § 3013, in order to authorize the imposition of a nominal assessment on defendants convicted of offenses against the

United States. The monies collected under § 3013 are paid into a Crime Victims Fund to be awarded to eligible state crime victim compensation programs. *See* 42 U.S.C. §§ 10601(b)(2), 10602 (Supp. II 1984).

Section 3013, the provision at issue here, states that specified amounts shall be assessed "on any person convicted of an offense against the United States...." § 3013(a). Donaldson insists that this language indicates that a defendant convicted of more than one offense in a single proceeding, as she was, may be required to pay only one assessment. She further urges that the legislative history of § 3013 supports this reading of the statute. Finally, she maintains that § 3013 is a criminal statute and that the Court is therefore bound by the "rule of lenity" to construe any ambiguity in the terms of the statute in her favor. *See Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 2089, 85 L.Ed.2d 434 (1985); *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

■ Addressing the last of her contentions first, we reject the assertion that the rule of lenity applies to our interpretation of § 3013. The statute neither defines a substantive criminal offense nor establishes the sentence to be imposed for a criminal offense. Rather, § 3013 requires the assessment of nominal amounts against defendants, and 42 U.S.C. § 10601 provides that the sums be paid into the Crime Victims Fund. The amount assessed depends solely upon whether the offense is classified as a felony or a misdemeanor, and thus is not related to the specific nature of the crime committed. Indeed, Donaldson herself concedes that Congress' purpose in enacting § 3013 was not to punish criminal defendants, but rather was to raise revenue to support state crime victim compensation programs. *See* Brief for Appellant at 17 n. 8 (citing S.Rep. No. 497, 98th Cong., 2d Sess. 13, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3607, 3619). As § 3013 is not a criminal statute, the rule of lenity does not require that we construe any ambiguity in its terms in favor of a defendant.

Similarly, since we are concerned here not with the imposition of cumulative sentences but with the levying of multiple assessments, the rule barring "pyramiding" of sentences does not apply. The pyramiding rule provides that, where a defendant is convicted of two offenses based upon the same criminal transaction, and one of the offenses of necessity requires the commission of the other, a court will not impute to Congress the intention to impose multiple punishments unless such an intention has been expressed unequivocally. *See, e.g., Prince v. United States*, 352 U.S. 322, 328, 77 S.Ct. 403, 406, 1 L.Ed.2d 370 (1957) (entering bank with intent to commit robbery merges into offense of bank robbery); *United States v. Gomez*, 593 F.2d 210, 213 (3d Cir.) (in banc) (possession of a controlled substance with intent to distribute may not be punished separately from offense of actual distribution where both charges are based upon distribution of the same drugs), *cert. denied*, 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979). Like the rule of lenity, the doctrine of pyramiding is based on the principle that any ambiguity in Congress' expression of its intent to penalize certain conduct must be construed in favor of the defendant.

We need not reach the question whether the two offenses here—forgery and uttering—are related in such a way as to invoke the pyramiding doctrine when based upon the attempted negotiation of the same check. *But see United States v. Richardson*, 582 F.2d 968, 969 (5th Cir.1978) (approving the imposition of separate sentences on counts of forging and uttering a single check under 18 U.S.C. § 495); *Shields v. United States*, 310 F.2d 708, 709 (6th Cir.1962) (same), *cert. denied*, 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963); *United States v. Huggins*, 184 F.2d 866, 867–68 (7th Cir.1950) (same). Donaldson does not challenge her sentences; she contests only the imposition of multiple assessments. Consequently, as stated above, the doctrine of pyramiding is inapplicable to this appeal.

■ Having concluded that § 3013 may be interpreted under normal canons of statutory construction, we turn first to its language. The statute states that an assessment shall be imposed "on any person convicted of *an* offense...." (emphasis added). This language appears to contemplate that an assessment will be imposed for each offense of which a defendant is convicted. Furthermore, as the Second Circuit recently observed in *United States v. Pagan*, 785 F.2d 378, 381 (2d Cir.1986), to read this language as authorizing only one assessment on a defendant in a given proceeding would produce an illogical result in the treatment of multiple offenders. Such an interpretation would make the number of assessments imposed upon a defendant turn, not upon the number of offenses of which she was convicted, but upon whether she was tried for those offenses in one or more proceedings.

Additionally, the construction of the statute advanced by Donaldson raises questions as to the appropriate amount to be assessed when the defendant is convicted of both a felony and a misdemeanor. It is at odds with common sense to suppose that Congress intended that such a person would be required to pay $75 in assessments whereas an individual such as Donaldson, who was convicted of two felonies, would be assessed only $50. *See Pagan*, 785 F.2d at 381. If § 3013 is read to require that a separate assessment be levied for each offense upon which a defendant is convicted, such inconsistencies do not arise. Thus, we conclude that the language of § 3013 more reasonably lends itself to the government's interpretation than to Donaldson's.

The legislative history of § 3013 is somewhat sparse, and provides little illumination on the question with which we are concerned here. Donaldson points to passages in the Senate Report and hearings regarding a predecessor bill, in which the assessments are referred to as "nominal" or as "modest flat-rate fees." *See* S.Rep. No. 497, 98th Cong., 2d Sess. 13–14, *reprinted*

in 1984 U.S.Code Cong. & Ad.News, 3607, 3619; *The Victims of Crime Assistance Act of 1984: Hearings on S. 2423*, 98th Cong., 2d Sess. 21 (1984) (statement of Senator Heinz); *id.* at 36. According to Donaldson, such references illustrate a congressional intent to impose a single assessment on each defendant. However, these fleeting and ambiguous remarks will not bear the weight that Donaldson would assign to them.

Donaldson also stresses the fact that Congress declined to adopt the exact language of another proposed bill, which provided for assessments of "$25 to $500 for each felony." *See* S. 704, 98th Cong., 2d Sess. (1983). She claims that, by choosing the language eventually employed in § 3013, Congress was expressing its intention to impose assessments upon each defendant rather than upon each offense. However, we do not agree that the use of different language from that employed in the unenacted bill is significant, since, under the most reasonable interpretation, § 3013(a) produces the same result.

Because the legislative history is inconclusive, and because the language of § 3013(a) requires that a separate amount be assessed against a defendant for each offense of which she is convicted, we hold that the district court did not err in its construction of the statute. Consequently, it was not improper to impose a total of $100 in assessments against Donaldson for her two felony convictions.

### B.

Donaldson also protests that the district court abused its discretion in denying her request that she be allowed one year to pay the assessments in light of her limited financial resources. She notes that, under § 3013(b), the amounts assessed are to "be collected in the manner that fines are collected in criminal cases." Donaldson maintains that this language was intended to incorporate into § 3013 the provisions of 18 U.S.C. § 3565.[1] That section states, inter alia, that "[a] judgment imposing the payment of a fine or penalty shall ... provide

---

1. Title 18 U.S.C. § 3565 was repealed on Octo-    ber 12, 1984 by Pub.L. No. 98–473, Title II,

for immediate payment unless, in the interest of justice, the court specifies payment on a date certain or in installments...." § 3565(b)(1)(A). Under this language, defendant argues, she was entitled to an allowance of additional time to pay the assessments.

The government agrees with Donaldson that § 3565(b)(1)(A) is applicable to the collection of assessments under § 3013. Thus, the government does not contend that the district court lacked statutory authority to grant Donaldson's request for an extended period of time to pay her assessments. Rather, it argues that the decision whether to grant Donaldson's request was committed to the sound discretion of the district court and that no abuse of discretion has been shown. *See Callahan v. United States*, 371 F.2d 658, 661 (9th Cir. 1967) (imposition of fine and imprisonment until fine is paid under § 3565 are matters within discretion of district court).

■ Here, the district court suspended imposition of a sentence of imprisonment and placed Donaldson on concurrent two-year terms of probation. It did not order Donaldson to make any restitution to the check cashing agency at which she attempted to negotiate the forged check. The district court, in denying Donaldson's request for additional time to pay the assessments, explained that the immediate payment of the assessment would provide Donaldson with "an opportunity to demonstrate that she will from this day forward be a law-abiding citizen...." App. at 22. The district court thus concluded that requiring timely payment of the assessments would assist in impressing upon Donaldson the gravity of her offenses and the importance of conforming her conduct to the requirements of the law. As such, we can-

not say that a deferral of payment was necessary "in the interest of justice." *See* 18 U.S.C. § 3565(b)(1)(A). Accordingly, we conclude that the district court did not abuse its discretion in denying Donaldson's request for one year to pay the assessments.[2]

### III.

We hold that § 3013(a) authorizes the district court to impose a separate assessment for each offense of which a defendant is convicted, and that, consequently, the district court did not err in imposing $100 in assessments against Donaldson based upon her two felony convictions. We further conclude that the district court did not abuse its discretion in denying Donaldson's request that she be granted an extension of time to pay the assessments.

The judgment of the district court will be affirmed.

---

§ 238(g)(1), 98 Stat. 1837, 2039 (1984). That law also enacted a new § 3565, dealing with revocation of probation, to become effective November 1, 1986. However, Pub.L. No. 98–596, §§ 2, 12(a)(7), 12(a)(9), 12(b), 98 Stat. 3134, 3134–36, 3139–40 (1984), apparently reenacted the old § 3565 and amended it, adding subsections (b) through (h). Consequently, it appears that, as of November 1, 1986, there will be two sections codified at 18 U.S.C. § 3565.

2. At oral argument, the government indicated that if Donaldson were able to establish in the district court that she made a good faith effort to obtain the money to pay the assessments but was unsuccessful, it would not seek to collect the $100 from her. We note that, effective November 1, 1986, Pub.L. No. 98–473, Title II, § 212(a)(2), 98 Stat. 1837, 1997 (1984) (to be codified at 18 U.S.C. § 3573), provides that a defendant may petition the district court at any time for modification or remission of a fine.