**UNITED STATES of America,**
**Appellant,**

v.

**Russell E. DOBBINS, Appellee.**

No. 86–1346.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1986.

Decided Dec. 15, 1986.

Joel M. Gershewitz, Washington, D.C., for appellant.

No brief was filed by appellee.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

PER CURIAM.

The United States appeals from an order imposing a single special assessment of $50 despite the defendant's conviction under two separate counts. We reverse and remand.

Russell Dobbins pled guilty to two counts of using a communication facility to

facilitate a drug offense, in violation of 21 U.S.C. § 843(b) and (c). The district court sentenced Dobbins to imprisonment for a term of 18 months, fined him $1,000, and ordered him to pay a special assessment of $50 on one of the two counts. The court suspended Dobbins' sentence on the second count, as well as the $50 assessment for that conviction.

The government moved for reconsideration of the order suspending the $50 special assessment on the second conviction, arguing that 18 U.S.C. § 3013 makes mandatory a separate assessment on each count under which a defendant is convicted. The district court denied the motion, and this appeal followed.

Congress enacted 18 U.S.C. § 3013, entitled "Special Assessment on Convicted Persons," to generate income to offset the cost of the victim's assistance fund. S.Rep. No. 497, 98th Cong., 2d Sess. 13, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3607, 3619. Section 3013 provides:

> (a) The court shall assess on any person convicted of an offense against the United States—
>> (1) in the case of a misdemeanor—
>>> (A) the amount of $25 if the defendant is an individual; and
>>> (B) the amount of $100 if the defendant is a person other than an individual; and
>> (2) in the case of a felony—
>>> (A) the amount of $50 if the defendant is an individual; and
>>> (B) the amount of $200 if the defendant is a person other than an individual.
> (b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.

Congress did not indicate, however, whether the assessment provision was to be applied on a "per defendant" or a "per count" basis.

A threshold issue is whether, as the district court held, the rule of lenity must be applied in construing section 3013. Two courts of appeals have addressed the question whether or not section 3013 constitutes "punishment." The Court of Appeals for the Tenth Circuit found that despite its stated purpose to aid victims, section 3013 is punitive because "the practical effect of the assessment is to make the assessment indistinguishable from a criminal fine." *United States v. Mayberry*, 774 F.2d 1018, 1021 (10th Cir.1985). The Court of Appeals for the Third Circuit, on the other hand, held that the purpose of Congress in enacting section 3013 was to aid victims of crimes rather than to punish the offenders and that the rule of lenity requiring that any ambiguity in the terms of the statute be construed in favor of the defendant does not apply. *United States v. Donaldson*, 797 F.2d 125 (3d Cir.1986).

We find the *Donaldson* decision persuasive, and we adopt its holding.

Only two circuits have addressed the question whether section 3013 provides for an assessment per count rather than per defendant. Both held that section 3013 requires a district court to assess payments for each count upon which separate punishment is possible. The Court of Appeals for the Second Circuit rejected the argument that only one assessment could be made against an individual convicted of several felonies:

> Such a reading is illogical. If a defendant were simultaneously convicted on one misdemeanor and one felony, the clear language of 3013 would require separate $25 and $50 assessments. That being true, it cannot be supposed that Congress intended that the same defendant could be convicted simultaneously of several felonies and be subject to only a single $50 assessment. It is also unlikely that Congress would predicate the imposition of single or multiple assessments, based upon convictions for "an offense," upon the happenstance that an offense may be tried by itself or in combination with several other offenses. Furthermore, because money collected under section 3013 is paid into a Crime Victims Fund * * * it is reasonable to conclude that Congress, aware that mul-

tiple offenses would often entail multiple victims, intended that there should be a separate assessment for each offense. *United States v. Pagan,* 785 F.2d 378, 381 (2d Cir.1986). Similarly, the Court of Appeals for the Third Circuit stated that the single-assessment argument was "at odds with common sense," for the reasons enumerated in *Pagan.* *Donaldson,* 797 F.2d at 128.

We adopt the reasoning of the *Pagan* and *Donaldson* decisions and hold that section 3013 requires per count assessments. Accordingly, we reverse the order appealed from and remand the case to the district court for the imposition of the appropriate assessments.