818 F.2d 687
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas D. SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
J. David Leeper MOSS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert V. SIEBER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel R. DELANEY, Defendant-Appellant.
 Nos. 86-1191 to 86-1194.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 12, 1987.
Decided May 27, 1987.
 
 Thomas J. Hopkins, Sacramento, Cal., for plaintiff-appellee.
 Larry Barlly, Sacramento, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Eastern District of California.
 Before WALLACE, SKOPIL and CANBY, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Smith, Delaney, Sieber, and Moss (the demonstrators) appeal from the district court's imposition of a $25 assessment on each of them pursuant to 18 U.S.C. Sec. 3013. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 * On December 27, 1985, a demonstration occurred on the grounds of the Federal Building in Sacramento, California to protest United States policy in Central America. As a symbol of the protest, the participants bore a casket which they avowedly intended to bury in the Federal Building grounds. As certain of the participants, including the demonstrators, attempted to dig up a portion of the Federal Building lawn, they were arrested.
 
 
 3
 The demonstrators were charged with willfully damaging government property in violation of 40 U.S.C. Sec. 486(c) and 41 C.F.R. Sec. 101-20.303 (1985). The demonstrators were tried before a magistrate, who found them guilty and imposed a $50 fine, plus the $25 flat assessment for misdemeanants mandated by 18 U.S.C. Sec. 3013. They appealed to the district court, which affirmed the magistrate's decision. The demonstrators then appealed the ruling of the district court.
 
 
 4
 On appeal, the demonstrators attack only the imposition of the mandatory $25 assessment, not the fine itself. They assert that the assessment is a punishment that violates the eighth amendment and the due process and equal protection clauses of the fifth amendment. They argue in the alternative that, if the assessment is not a punishment, its imposition on them without resort to a jury trial violates their rights under the seventh amendment.
 
 II
 
 5
 The statute involved in this appeal directs that "[t]he court shall assess on any person convicted of an offense against the United States--in the case of a misdemeanor--the amount of $25 if the defendant is an individual." 18 U.S.C. Sec. 3013(a)(1)(A).
 
 
 6
 We consider first the threshold question of whether this $25 assessment imposed on the demonstrators pursuant to section 3013 is a punishment. Unfortunately, the circuit courts are divided on this issue. While the demonstrators cite the holding of the Tenth Circuit in United States v. Mayberry, 774 F.2d 1018 (10th Cir.1985) (Mayberry ), to support their contention that the assessment is a punishment, the government relies on the Third Circuit's opinion in United States v. Donaldson, 797 F.2d 125 (3d Cir.1986) (Donaldson ), to support its contention that it is not.
 
 
 7
 Donaldson offers little help. The court, in rejecting Donaldson's contention that the rule of lenity applies, held that the statute did not define a substantive crime or set a sentence to be imposed for a criminal offense, but instead merely levied a nominal assessment against convicted defendants as a revenue-raising measure. The court emphasized that Donaldson conceded that section 3013 was not a punishment. Based on this concession, the court concluded that section 3013 was not a criminal statute. Id. at 127. Donaldson provides no analysis of congressional intent on the issue presented here. The Eighth Circuit recently adopted the conclusion that section 3013 is not punitive in nature because it "f[ound] the Donaldson decision persuasive," but provided no further analysis. United States v. Dobbins, 807 F.2d 130, 131 (8th Cir.1986).
 
 
 8
 Mayberry, in contrast, looks at both the practical impact of section 3013 and its legislative history to determine that the assessment is a punishment. The opinion points out that the assessment places an additional burden on the defendant; that it can be imposed only following conviction for a crime against the United States; that it can be collected in the same way as a criminal fine; that the statute imposes a higher assessment against defendants convicted of more serious crimes; that the relevant Senate Report acknowledged that the provision would raise little revenue, thus rendering problematic the assumption that its sole purpose was pecuniary; that the Senate Report attributed the same purpose of raising revenue to the manifestly punitive enhanced fines provision of the bill; and that the Senate Report consistently refers to the assessments as "penalties." Mayberry, 774 F.2d at 1021.
 
 
 9
 We find Mayberry's analysis of section 3013 the more compelling, and we adopt it. As Donaldson indicates, Congress undeniably intended section 3013 assessments to produce revenue. But as Mayberry points out, the section 3013 assessment bears many, if not all, of the earmarks of a punitive measure. Thus, while the legislative history of section 3013 is sparse and not completely clear on the issue, we conclude that Congress intended section 3013 to be a punitive measure designed to raise some revenue. A punitive measure designed to raise revenue is still a punitive measure. Therefore, we hold that the section 3013 assessment is a punishment.
 
 
 10
 Since the assessment is a punishment, its imposition on the demonstrators cannot violate their seventh amendment rights, as they concede. The assessment merely represents a portion of their sentence, and requires no jury determination independent of their adjudication of guilt.
 
 III
 
 11
 The demonstrators also claim that the section 3013 assessment violates the eighth amendment and the substantive due process clause of the fifth amendment because section 3013 imposes the same punishment on all misdemeanants, and thus fails to ensure that the punishment will be proportional to the gravity of the offense and the culpability of the individual. The demonstrators, however, have conceded that their own sentence taken as a whole (the $50 fine plus the $25 assessment) is not disproportionate and therefore does not violate the eighth amendment. The government argues that the demonstrators have conceded that they have no eighth amendment claim.
 
 
 12
 While their brief is far from clear, the demonstrators apparently make two arguments in response. First, the demonstrators evidently argue that the statute is facially unconstitutional under the eighth amendment because, even if it did not lead to a disproportionate result in their case, it could mandate a disproportionate penalty in some other cases. The demonstrators, however, do not have standing to litigate the putative rights of individuals not party to this appeal. "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960).
 
 
 13
 Second, the demonstrators appear to argue that, even though their punishment as a whole does not present a constitutional violation, the $25 assessment portion of their punishment does because it was imposed without consideration of their individual circumstances or culpability and is disproportionate as applied to them. The demonstrators do not argue that the nature of this $25 assessment portion of their punishment is unconstitutional per se, as something inherently cruel, like torture, would be. See Gregg v. Georgia, 428 U.S. 153, 169-71, 96 S.Ct. 2909, 2923-24, 49 L.Ed.2d 859 (1976) (plurality opinion), citing Wilkerson v. Utah, 99 U.S. (9 Otto) 130, 136, 25 L.Ed. 345 (1879). Rather, they attack the ostensibly disproportionate severity of this portion of their punishment. But they have admitted that their punishment taken as a whole is not unconstitutionally severe. Their argument is, therefore, that they can state an eighth amendment claim by asserting that one portion of their punishment is disproportionately severe even if the whole is not. This, we hold, they cannot do. Where separate elements of a punishment, none of which are unconstitutional by their nature, are combined to form a defendant's sentence for a single crime, whether one of these elements is excessively severe can have no practical significance if the entire sentence is not excessively severe. The demonstrators, therefore, fail to state a claim that the application of section 3013 to them has yielded an eighth amendment violation in this case.
 
 
 14
 Although the demonstrators fail to assert an eighth amendment claim, that does not necessarily mean they have no standing to assert a substantive due process claim under the fifth amendment. The demonstrators were assessed $25 pursuant to section 3013. This injury is "distinct and palpable," Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), and not "abstract," "conjectural," or "hypothetical," City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 1664-65, 75 L.Ed.2d 675 (1983). To the extent that the demonstrators' due process claim differs from their eighth amendment claim, they have standing. In this argument, they are, in essence, attacking mandatory sentencing on fifth amendment grounds.
 
 
 15
 "[T]he prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative" in non-death penalty cases. Woodson v. North Carolina, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). The Supreme Court has repeatedly upheld recidivist mandatory sentencing statutes against attacks on a wide variety of constitutional grounds, including due process. See Spencer v. Texas, 385 U.S. 554, 559-60, 87 S.Ct. 648, 651-52, 17 L.Ed.2d 606 (1967). Those other courts which have been faced with due process challenges to mandatory sentences have also uniformly rejected them. See, e.g., Virgin Islands v. Grant, No. 83-87 (D.V.I. May 31, 1984), aff'd on other grounds, 775 F.2d 508 (3d Cir.1985); City of Junction City v. Griffin, 227 Kan. 332, 607 P.2d 459 (1980); People v. Hall, 396 Mich. 650, 242 N.W.2d 377 (1976); Commonwealth v. Ehrsam, 355 Pa.Super. 40, 512 A.2d 1199 (1986); cf. Annotation, Validity of State Statute Imposing Mandatory Sentence or Prohibiting Granting of Probation or Suspension of Sentence for Narcotics Offenses, 81 A.L.R.3d 1192, 1200-02 (1977) (citing cases upholding state mandatory sentencing laws against due process attacks). We conclude that the mandatory assessments imposed here did not of themselves deprive the demonstrators of due process.
 
 IV
 
 16
 The demonstrators also challenge section 3013 on equal protection grounds. They present two arguments. The first is that the statute fosters an impermissible and arbitrary distinction between those misdemeanants who are required to appear in court, who thereby become subject to the required section 3013 payment, and those who are initially permitted to post forfeitable collateral, who escape its purview. They did not raise this argument in the trial court, however, and we will not reach it on appeal. See United States v. Moody, 778 F.2d 1380, 1383 (9th Cir.1985).
 
 
 17
 The demonstrators' second equal protection argument is based on the premise that the purpose of section 3013 is to provide restitution to individual crime victims. From this assumption, they argue that the provision provides restitution in an arbitrary manner because the amount of the assessment is not dependent upon a determination of actual damages. We begin our review of this challenge by holding that persons convicted of crimes are not a suspect class. Upshaw v. McNamara, 435 F.2d 1188, 1190 (1st Cir.1970); McGarvey v. District of Columbia, 468 F.Supp. 687, 690 (D.D.C.1979); cf. Doe v. Edgar, 721 F.2d 619, 622 (7th Cir.1983) (offenders twice convicted of driving under the influence not suspect class). To be successful in their equal protection challenge, the demonstrators must show that the imposition of a fixed assessment on misdemeanants in section 3013 is not rationally related to a legitimate government interest. Lyng v. Castillo, --- U.S. ----, 106 S.Ct. 2727, 2729-30, 91 L.Ed.2d 527 (1986).
 
 
 18
 The demonstrators' argument that section 3013 is not rationally related to a legitimate government interest is based on their faulty premise that the purpose of section 3013 is to provide restitution to individual crime victims. As we held earlier, the section 3013 assessment is a punishment designed to raise some revenue. This revenue is intended to enable the government to "provide limited Federal funding to the States ... for direct compensation and service programs to assist victims of crime, including victims of Federal crime." S.Rep. No. 497, 98th Cong., 2d Sess. 1, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3607 (emphasis added). It is not intended, as the demonstrators imply, to compensate the actual victim of a particular misdemeanant's crime. Therefore, there is no reason why the assessment need be proportional to the damages sustained by an individual victim in order to be rationally related to the government's goal in enacting section 3013. Assessing a flat sum will serve the government's goal of accumulating some limited funding that can be funneled to state crime victims' assistance programs, and it will do so without incurring the added administrative costs that determining a scaled assessment for each misdemeanant would entail.
 
 
 19
 The demonstrators argue that we should nevertheless reach a different result on the basis of the Supreme Court's holding in James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972), but in so doing, they miss the point of Strange. The Kansas recoupment statute discussed in Strange denied indigent defendants who had used state-appointed counsel all of the basic property exclusions, except "homestead," that were available to normal civil judgment debtors. The court struck down the law because it found the "requirement of some rationality in the nature of the class singled out" not to have been met. Id. at 140, 92 S.Ct. at 2034. In contrast, we have determined that requiring the class of persons convicted of misdemeanors against the United States to pay the section 3013 assessment is rationally related to the government's goal of providing revenue for the federal program at issue.
 
 V
 
 20
 The demonstrators finally challenge, also on equal protection grounds, the "harsher" collection methods to which, they claim, section 3013 assessments are subject. Since we have determined that section 3013 assessments are penal in nature, and these assessments are subject to the same collection methods as criminal fines, 18 U.S.C. Sec. 3013(b), there is in fact no difference in collection methods. The assessments are collected like any other criminal fine.
 
 
 21
 AFFIRMED.