7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward W. WEST, Defendant-Appellant.
 No. 90-2768.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Edward W. West appeals the denial of his motion to amend his sentence pursuant to Federal Rule of Criminal Procedure 35(a). We affirm.
 
 
 2
 After his conviction in 1985 on three counts of bank robbery, West was sentenced to 20 years' imprisonment on Counts 1 and 2, to be served concurrently, and 10 years' imprisonment on Count 3, to be served consecutively to Counts 1 and 2. West paid a $50 special assessment on each count of conviction. He did not file a direct appeal. West asserts that the imposition of special assessments on Counts 1 and 2 was illegal because the terms of imprisonment on those Counts run concurrently.
 
 
 3
 In support of his argument that his sentence is illegal, West relies on the United States Supreme Court's decision in Ray v. United States, 481 U.S. 736 (1987), and on the "concurrent sentence doctrine."[1] See Borre v. United States, 940 F.2d 215, 223 n. 16 (7th Cir.1991); United States v. Barel, 939 F.2d 26, 36 (3d Cir.1991). However, we agree with the government's position that the concurrent sentence doctrine and Ray are inapplicable.
 
 
 4
 18 U.S.C. § 3013(a)(2)(A) provides that an individual convicted of a felony shall pay a $50 special assessment. In a multi-count conviction, the court must impose an assessment on each count of the conviction. United States v. Aquilla, 976 F.2d 1044, 1049 (7th Cir.1992); see also United States v. Dobbins, 807 F.2d 130, 132 (8th Cir.1986); United States v. Donaldson, 797 F.2d 125, 129 (3d Cir.1986). Ray holds that when a defendant is ordered to pay a special assessment for each of several counts of conviction, the sentences are not concurrent and the "concurrent sentence doctrine" cannot be invoked to avoid appellate review of each count of conviction. Ray, 481 U.S. at 737. Ray does not support West's argument that special assessments cannot be imposed when concurrent prison sentences are ordered. The special assessments ordered by the court were required pursuant to 18 U.S.C. § 3013(a)(2)(A) and do not invalidate the sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The concurrent sentence doctrine provides that "an appellate court may avoid the resolution of legal issues affecting less than all of the counts in an indictment where at least one count has been upheld and the sentences are concurrent." United States v. Barel, 939 F.2d 26, 36 (3d Cir.1991)