A07A0945. CITY OF DULUTH et al. v. MORGAN.
A07A0946. STATE OF GEORGIA et al. v. CITY OF DULUTH.
(651 SE2d 475)

ADAMS, Judge.

Pursuant to OCGA § 40-6-20, the defendant/appellant City of Duluth (the City) operated a "traffic-control signal monitoring device" (red light camera) at the intersection of Peachtree Industrial Boulevard and Pleasant Hill Road. In May 2005, plaintiff/appellee Jeff Morgan was mailed a citation from the City after his vehicle was caught on camera running the red light at this intersection. He did not contest the citation and the City assessed him $94.50 for the violation. The assessment by the City included the $70 "civil monetary penalty" provided for by statute, OCGA § 40-6-20 (f) (3) (A), plus "applicable court surcharges" the City added to the penalty pursuant to OCGA § 15-21-73.

In July 2005, the Attorney General issued Unofficial Opinion U2005-4 opining that the "civil monetary penalty" imposed under OCGA § 40-6-20 is not a "fine" or "conviction" subject to additional monetary penalties or surcharges pursuant to OCGA § 15-21-73. After this opinion was issued, the City stopped imposing and collecting the surcharges and returned any funds it had collected that had not already been disbursed. Morgan, however, did not get his money back, and he filed suit, on behalf of himself and others similarly situated, against inter alia, the City and the City of Duluth Municipal Court (collectively referred to hereinafter as the City) seeking class

---

[10] *Mobley*, supra.

certification and alleging a violation of due process under 42 USC § 1983, unjust enrichment; unlawful, deceptive and unfair business practices; unfair, deceptive and misleading practices; negligent misrepresentation; fraudulent misrepresentation; concealment; and failure to disclose. The City then filed a third-party complaint against the State of Georgia, the Georgia Superior Court Clerks' Cooperative Authority, the Peace Officers' Annuity & Benefit Fund and others (the Authority) alleging that the third-party defendants would be liable to the City for all or part of Morgan's claims in the event he was successful in his claims against the City since the third-party defendants received portions of the assessment.[1]

Both the City and the Authority moved for summary judgment. In a detailed order, the trial court either dismissed or granted summary judgment on all pending claims except Morgan's claim under 42 USC § 1983 alleging a violation of his substantive due process rights. The trial court also denied summary judgment to the third-party defendants, rejecting their argument that the City did not have the authority or power to assert its claim against them and additionally finding that the City's claims were not barred by the doctrine of sovereign immunity.

Both the City and the Authority filed applications for interlocutory appeal. We granted both applications, and following the timely filing of their notices of appeal, their appeals were docketed in this Court as Case Nos. A07A0945 and A07A0946, respectively.

## Case No. A07A0945

1. The City acknowledges that municipalities may be liable for violations of substantive due process rights, but argues that recovery is permitted for such substantive due process violations only when there is an executive abuse of power that "shocks the conscience." *County of Sacramento v. Lewis,* 523 U. S. 833, 834 (118 SC 1708, 140 LE2d 1043) (1998). Morgan argues that the "shock the conscience" standard does not apply here because it was the City's legislative policy, as enacted by City Ordinance, Art. II, Chap. 8, Div. 3 (red light camera ordinance), that caused the City to overcharge for red light violations, not the act of a public officer. Instead Morgan argues that the red light camera ordinance is directly contrary to state law, infringes a fundamental right and therefore must be subjected to strict scrutiny. However, as Morgan acknowledged in his brief filed in

---

[1] The amounts collected by the City were disbursed as follows: $65 retained by the City; $17.50 remitted to the Georgia Superior Court Clerks' Cooperative Authority; $7 remitted to Gwinnett County; and $5 remitted to the Peace Officers' Annuity & Benefit Fund.

the trial court, the red light camera ordinance merely tracks the language of OCGA § 40-6-20 and imposes the same civil monetary penalty set forth in that Code section for a violation of the ordinance, i.e., not more "than seventy dollars ($70.00)." Neither the state statute nor the City's red light camera ordinance mentions the collection of additional surcharges. Thus, it is not the legislative action of the State in enacting OCGA § 40-6-20 or the subsequent action of the City in enacting its red light camera ordinance that is at issue here. Rather, the gist of Morgan's complaint and argument below was that the City violated his substantive due process rights by acting in violation of OCGA § 40-6-20 and the red light camera ordinance by charging him more than the maximum allowed under those provisions. This case does not, therefore, involve claims that enacted legislation burdened any constitutionally protected rights, and thus we reject Morgan's argument that a strict scrutiny analysis should be applied here. See *Hawkins v. Freeman*, 195 F3d 732 (4th Cir. 1999) (discussing the different analysis that should be applied to legislative enactments and executive acts challenged as violating substantive due process rights).

As we see it, it was the executive decision to construe these provisions so as to allow the additional surcharges provided for under OCGA § 15-21-73 that caused the alleged violation of Morgan's substantive due process rights here. Thus, we agree with the City that the appropriate question is "whether the challenged conduct was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." (Citation and punctuation omitted.) *Hawkins*, 195 F3d at 738 (II) (2).

"(T)he substantive due process guarantee protects against government power arbitrarily and oppressively exercised." [*County of Sacramento*, 523 U. S. at 836.] The Supreme Court has explained that the cognizable level of executive abuse of power is that which shocks the conscience. Id. at 846, 118 SC at 1717. . . . "(O)nly the most egregious official conduct" will be the sort of "abusive executive action" that can be sufficiently arbitrary for constitutional recognition as a potentially viable substantive due process claim. Id. at 846, 118 SC at 1716. The Court viewed "conduct intended to injure in some way *unjustifiable by any government interest* (a)s the sort of official action most likely to rise to the conscience-shocking level." Id. at 849, 118 SC at 1718 (emphasis added). The Court also instructed that "our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances

before any abuse of power is condemned as conscience shocking." Id. at 850, 118 SC at 1718-19.

*Carr v. Tatangelo*, 338 F3d 1259, 1271 (II) (A) (2) (11th Cir. 2003).

Applying this standard, we find that Morgan's claim fails. The City merely collected surcharges which it thought were permissible under state law. The City appears to have been operating in absolute good faith; there is nothing in the record to suggest otherwise. Indeed, the City did not retain the monies it collected, but remitted them to other governmental entities. There is simply nothing in the City's actions that "shocks the conscience." It follows that the trial court erred by denying the City's motion for summary judgment on Morgan's section 1983 claim.[2]

## Case No. A07A0946

2. Based on our holding in Case No. A07A0945, the Authority was also entitled to summary judgment on the City's third-party claim against them.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 22, 2007.

*Gray, Rust, St. Amand, Moffett & Brieske, Harvey S. Gray, Thompson & Sweeny, Virgil L. Thompson, Jr.*, for City of Duluth.

*Edward A. Webb, Matthew C. Klase, Jack L. Park, Jr.*, for Jeff Morgan.

*Thurbert E. Baker, Attorney General, William W. Banks, Jr., John B. Ballard, Jr., Assistant Attorneys General, Theresa A. Cox*, for State of Georgia.

---

[2] Although Morgan also asserts a procedural due process violation in his brief to this Court, it appears to us that he confined his lower court arguments to his substantive due process claim. In any event, we agree with the City that there is no basis for a procedural due process claim under the facts here.