# Matter of Arturo CABRERA, Respondent

File A76 171 415 - Miami

*Decided February 27, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The imposition of costs and surcharges in the criminal sentencing context constitutes a form of "punishment" or "penalty" for purposes of establishing that an alien has suffered a "conviction" within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2000).

FOR RESPONDENT: Mayra Joli, Esquire, Coral Gables, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Maria M. Lopez-Enriquez, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated June 22, 2007, an Immigration Judge terminated the removal proceedings against the respondent after determining that the Department of Homeland Security ("DHS") failed to meet its burden of proving by clear and convincing evidence that the respondent is removable because of a conviction for violating a law relating to a controlled substance.[1] The DHS has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cuba. The record reflects that in February 2007, he entered a plea of nolo contendere to a charge of possession of a controlled substance in violation of the Florida Statutes and that

---

[1] The respondent, who has been represented by counsel throughout these proceedings, has not appealed the Immigration Judge's alternative ruling regarding his applications for relief from removal.

adjudication of his guilt was withheld. Under Florida law, criminal defendants who plead guilty or nolo contendere, including those whose adjudication is withheld, can be assessed additional costs and surcharges. The record in this case reflects that the respondent was assessed a total of $458 in costs and surcharges, several of which were mandatory under the Florida Statutes.

The Immigration Judge concluded that the imposition of court costs and surcharges against the respondent in connection with his plea did not qualify as a "penalty" or "punishment" within the meaning of section 101(a)(48)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A)(ii) (2000). As a result, the Immigration Judge determined that the respondent does not have a "conviction" and is therefore not removable. The DHS challenges these findings on appeal. In addition, the DHS argues that pursuant to Florida criminal procedure, an adjudication of guilt can be withheld only if the defendant is placed on probation. Thus, the DHS asserts that the respondent was subjected to some form of restraint on his liberty for purposes of establishing a conviction under section 101(a)(48)(A)(ii) of the Act.

## II. ISSUE

The issue in this case is whether the imposition of costs and surcharges following a plea in a criminal proceeding constitutes a "penalty" or "punishment" such that an alien has suffered a "conviction" within the meaning of section 101(a)(48)(A) of the Act.

## III. ANALYSIS

Whether an alien has been convicted for purposes of section 101(a)(48)(A) of the Act is a question of law, or a mixed question of law and fact, as to which the Board exercises de novo review. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2007). In regard to the legal question before us, we conclude that a uniform Federal definition should govern in determining whether the assessment of costs and surcharges constitutes a "penalty" or "punishment," irrespective of how the State might characterize them. *See Matter of Eslamizar*, 23 I&N Dec. 684, 687 (BIA 2004) (declining to recognize the label "criminal" placed on a proceeding under Oregon law). In this case, the State of Florida considers the costs and surcharges imposed on the respondent as "punishment," a characterization with which we concur.

In *State v. Champe*, 373 So. 2d 874, 880 (Fla. 1978), the Supreme Court of Florida upheld the constitutionality of additional costs and a surcharge under the Florida Statutes, concluding that a five percent surcharge was reasonably and uniformly proportionate to the gravity of the offense and therefore could

"properly be considered as a form of punishment for the offense."  *See also State v. Beasley*, 580 So. 2d 139, 143 (Fla. 1991) (ensuring that an indigent defendant is provided due process by requiring courts to determine the defendant's ability to pay before enforcing the collection of assessed costs); *Griffin v. State*, 946 So. 2d 610, 614-15 (Fla. Dist. Ct. App. 2007) (applying ex post facto principles to a statute that assessed costs based on a nolo contendere or guilty plea or a finding of guilt that was entered before the statute's effective date).  Likewise, Florida courts have characterized certain fines and surcharges as "penalties" within the criminal sentencing scheme. *See, e.g.*, *Nash v. State*, 434 So. 2d 33, 34 (Fla. Dist. Ct. App. 1983) (finding that a particular fine imposed on a defendant was "expressly authorized . . . as a penalty in addition to the prison term for the crime which he committed"). The courts of other states have similarly regarded such costs.  *E.g.*, *People v. James*, 479 N.E.2d 344 (Ill. App. Ct. 1985); *Schiefer v. State*, 774 P.2d 133 (Wyo. 1989).

Further, the courts have distinguished between civil monetary penalties and costs, surcharges, and fines imposed in the criminal context.  *See, e.g.*, *Griffin v. State*, *supra*, at 615 (noting that because failure to pay costs imposed in criminal proceedings can result in additional incarceration, the court could not "equate these costs with civil filing fees that are assessed against either the losing plaintiff or the losing defendant and that are enforceable only as a judgment lien"); *see also City of Duluth v. Morgan*, 651 S.E.2d 475, 476 (Ga. Ct. App. 2007).  The clear majority of Federal courts of appeals have held that the imposition of costs and other assessments constitutes a form of criminal punishment or penalty.  *See, e.g.*, *United States v. Jungels*, 910 F.2d 1501, 1504 (7th Cir. 1990) (finding that the imposition of costs under certain Federal tax laws was mandatory upon criminal conviction); *United States v. Mayberry*, 774 F.2d 1018, 1021 (10th Cir. 1985) (holding that the imposition of a special assessment under 18 U.S.C. § 3013 to offset the costs of a victims' assistance fund was a form of punishment within the meaning of the Assimilative Crimes Act); *see also United States v. Ashburn*, 884 F.2d 901 (6th Cir. 1989) (same); *United States v. King*, 824 F.2d 313 (4th Cir. 1987) (same); *United States v. Smith*, 818 F.2d 687 (9th Cir. 1987) (same).[2]

---

[2] The few courts to have found otherwise did so on the ground that 18 U.S.C. § 3013 was unconstitutional under the Origination Clause in that it constitutes a revenue-raising measure that did not originate in the House of Representatives. *See United States v. Munoz-Flores*, 863 F.2d 654 (9th Cir. 1988); *United States v. Donaldson*, 797 F.2d 125 (3d Cir. 1986). However, these decisions were ultimately overruled by the Supreme Court, which noted that six courts of appeals had also found the statute valid. *United States v. Munoz-Flores*, 495 U.S. 385, 388 n.1 (1990).

To the extent that restitution may be relevant as an analogous form of sanction, a majority of courts of appeals likewise consider it to be a form of punishment rather than simply a civil penalty.[3]  Moreover, the fact that a defendant's ability to pay must be considered before *enforcing collection* of assessed costs does not mean that their imposition is not punishment. *Bearden v. Georgia*, 461 U.S. 660, 669-70 (1983) ("A defendant's poverty in no way immunizes him from punishment. . . .  As we [have previously] said . . . , '[a]fter having taken into consideration the wide range of factors underlying the exercise of his sentencing function, nothing we now hold precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law.'" (quoting *Williams v. Illinois*, 399 U.S. 235, 243 (1970))).

## IV.  CONCLUSION

We conclude that the imposition of costs and surcharges in the criminal sentencing context constitutes a form of "punishment" or "penalty" for purposes of establishing that an alien has suffered a "conviction" within the meaning of section 101(a)(48)(A) of the Act.  Consequently, we find that the respondent has been convicted of violating a law relating to a controlled substance and that he is removable as charged.  We further conclude that the Immigration Judge erred in terminating the proceedings.  In light of this

---

[3] *E.g.*, *United States v. Ziskin*, 471 F.3d 266, 270 (1st Cir. 2006) (observing that restitution "'is not a civil affair; it is a criminal penalty meant to have deterrent and rehabilitative effects'" (quoting *United States v. Savoie*, 985 F.2d 612, 619 (1st Cir. 1993))); *United States v. Leahy*, 438 F.3d 328, 333-34 (3d Cir. 2006) (acknowledging that although restitution "combines features of both criminal and civil penalties," its primary purpose is to "'mete out appropriate criminal punishment'" (quoting *Pasquantino v. United States*, 544 U.S. 349, 365 (2005))); *United States v. Dubose*, 146 F.3d 1141 (9th Cir. 1998) (concluding that the imposition of restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, is a form of punishment because the MVRA has not only remedial, but also deterrent, rehabilitative, and retributive purposes); *see also United States v. Dohrman*, 442 F.3d 1279, 1281 (11th Cir. 2006) (implicitly recognizing restitution as punishment in holding that, because the MVRA does not have a prescribed statutory maximum, restitution orders do not violate the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (providing that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt")).  *But see United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006) (describing restitution as a "'classic civil remedy'" administered in the criminal context (quoting *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000))); *United States v. Nichols*, 169 F.3d 1255, 1279-80 (10th Cir. 1999) (holding that because restitution does not constitute criminal punishment, the Ex Post Facto Clause does not bar application of restitution under the MVRA).

conclusion, we need not reach the question whether the respondent was effectively placed on probation when the adjudication of his guilt was withheld.  Accordingly, the DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

   **ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings against the respondent are reinstated.

   **FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.