**UNITED STATES of America,
Appellee,**

v.

**Jack L. EUBANKS, Appellant.**

**No. 14895.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 11, 1970.

Decided Jan. 8, 1971.

Ralph L. Payne, Alexandria, Va., for appellant.

Gilbert K. Davis, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Jack L. Eubanks was convicted of reckless driving in violation of 36 C.F.R. § 59.32(a), and driving while intoxicated in violation of § 50.28(c), both provisions having been promulgated by the Secretary of the Interior pursuant to 16 U.S.C. § 3. The incident occurred on the George Washington Memorial Parkway, a federally administered highway in the state of Virginia. The appellant challenges here only his conviction for driving while intoxicated, and asserts among other grounds for reversal that Virginia law bars conviction for both offenses arising from a single act. 4 Va.Code Ann. § 19.1–259.1 (1950). The appellant's reliance on Virginia law is inapposite, however, since he was convicted under federal regulations.

The appellant also contends that the results of a blood test taken after his arrest were inadmissible at trial since he was not advised of his right under Virginia law to decline to take a blood test. 4 Va.Code Ann. § 18.1–55.1 (Cum.Supp.1970). Again, the Virginia statute is irrelevant as the prosecution was under the federal regulations.

Nor is there any substance to the appellant's argument that the evidence was insufficient to sustain a conviction. The offense was committed about 8:45 a. m. Eubanks admitted that he had been drinking the night before and again in the morning, shortly before undertaking to operate his automobile. At trial the arresting officer testified that Eubanks' car was swerving from lane to lane. Once the officer finally succeeded in stopping the vehicle, the defendant staggered from his car and the officer noted an odor of alcohol on his breath. The evidence of defendant's guilt is overwhelming.

Similarly without merit are the appellant's other claims for reversal. We observe, however, that the District Court was in error in imposing a one year suspended sentence under 36 C.F.R. § 50.28(c), for the statutory maximum is set at six months. Accordingly, the sentence is vacated, and the case remanded for correction of the sentence as provided in Rule 35 of the Federal Rules of Criminal Procedure.