**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Kenneth KING, Defendant-Appellee.**

**No. 87–5517.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1987.

Decided July 29, 1987.

Hollis Raphael Weisman, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty. on brief), for plaintiff-appellant.

Stephen J. Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender; Richard Bardos, Asst. Federal Public Defender on brief), for defendant-appellee.

Before WIDENER and PHILLIPS, Circuit Judges, RICHARD B. KELLAM, Senior United States District Judge, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

The sole question raised by this appeal is whether a federal court may impose the special assessment provided for in 18 U.S.C. § 3013 on a defendant convicted under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, of a state offense for which conviction would not subject the defendant to a similar assessment under state law. We hold that the assessment may not be imposed under those circumstances and affirm the district court's decision to that effect.

I

King was convicted under the ACA for violation of Md.Transp.Code Ann. § 21-902(b) by driving in Fort Meade, Maryland under the influence of alcohol. At sentencing King moved that the court not impose the special assessment provided under 18 U.S.C. § 3013, because Maryland law did not allow a special assessment to be imposed on traffic offenders. A federal magistrate ruled that a federal court could not apply the federal assessment to someone convicted of an assimilated Maryland traf-

fic offense without violating the ACA's admonition that federal convictees be subject to a "like punishment" as state convictees. The U.S. District Court for the District of Maryland affirmed the magistrate's order. This appeal followed.

## II

■ King has moved the court to dismiss the government's appeal for lack of jurisdiction. He argues that except as permitted by 18 U.S.C. § 3731 the government may not take an appeal in a criminal case. Because appeals from the refusal to impose a special assessment do not fall within the literal scope of § 3731, King asserts that this court lacks jurisdiction to hear the appeal. This argument has already been rejected by this circuit. In *United States v. Wright Contracting Co.*, 728 F.2d 648 (4th Cir.1984), we held that § 3731 permits appeals by the government from the imposition of allegedly illegal sentences. *Id.* at 650. King's motion to dismiss is denied, and we turn to the merits.

## III

■ We hold that defendants convicted under the Assimilative Crimes Act cannot be ordered to pay the federal special assessment unless they would have been subject to a similar assessment if convicted of the same offense in a state court.

18 U.S.C. § 3013 provides:

(a) The court shall assess on any person convicted of an offense against the United States—

(1) in the case of a misdemeanor—

   (A) the amount of $25 if the defendant is an individual; and

   (B) the amount of $100 if the defendant is a person other than an individual; and

(2) in the case of a felony—

   (A) the amount of $50 if the defendant is an individual; and

   (B) the amount of $200 if the defendant is a person other than an individual.

(b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.

It was passed by Congress in 1984 to help raise money for a newly created victim's assistance fund. S.Rep. No. 497, 98th Cong., 2d Sess. 1, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3607. All assessments collected under § 3013 are paid into a Crime Victim's Fund, which makes disbursements to eligible state crime victim compensation programs. 42 U.S.C. §§ 10601(b)(2), 10602.

The Assimilative Crimes Act, 18 U.S.C. § 13 provides:

   Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and *subject to a like punishment.*

(Emphasis added.) Instead of adopting a separate criminal code for federal enclaves, Congress chose to assure "complete current conformity with the criminal laws of the respective States in which the enclaves are situated," except as to certain specific federal crimes. *United States v. Sharpnack*, 355 U.S. 286, 293, 78 S.Ct. 291, 295, 2 L.Ed.2d 282 (1958). The ACA assimilates the entire substantive criminal law of the state, including laws relating to the definition and scope of an offense and laws governing the manner in which an offense is to be punished. *See United States v. Price*, 812 F.2d 174, 175 (4th Cir.1987) (holding that North Carolina Fair Sentencing Act requirements are assimilated); *United States v. Robinson*, 495 F.2d 30, 33 (4th Cir.1974) (Act does not contemplate "selective incorporation").

The interrelationship of these two statutory schemes presents the problem here at issue. A violation of state law incorporated by the ACA into federal law is "an

offense against the United States." *See United States v. Press Publishing Co.*, 219 U.S. 1, 10, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911); *United States v. Price*, 812 F.2d 174, 175 (4th Cir.1987). And section 3013 literally mandates that its assessments shall be imposed "on any person convicted of an offense against the United States." But the ACA as literally provides that persons convicted under its provisions shall only be subject to "a like punishment" to that provided by assimilated state law.

■ Construing these critical provisions in *pari materia*, the defendant urges, as the district court concluded, that the § 3013 assessment is "punishment" within contemplation of the ACA, and that under the literal language of that Act, this punishment may not therefore be imposed unless the assimilated state law provides a "like punishment," i.e., a comparable assessment. Because, as is conceded, the Maryland traffic offense here at issue provides for no such assessment/punishment, *see* Md.Ann.Code art. 26A, § 17, the federal assessment provided by § 3013 may not be imposed.

To this, the government makes two basic opposing arguments. First, that the § 3013 assessment is not "punishment" within contemplation of the ACA. Second, that in any event the later enactment of § 3013 impliedly amended the ACA to the extent necessary to permit imposition of the assessment for convictions under the ACA, whether or not considered "punishment."

We consider these arguments in turn and reject both.

### A

Though not necessarily in direct conflict, the few circuits that have considered the nature of the § 3013 assessment have disagreed as to whether it is properly considered "punitive" or "punishment."

The only other court of appeals to consider the precise question raised here concluded that the assessment was a "punishment" within contemplation of the ACA, and disallowed its imposition in an ACA case where state law provided for no comparable assessment. In *United States v. Mayberry*, 774 F.2d 1018 (10th Cir.1985), the Tenth Circuit noted that the § 3013 assessment "places an additional burden or penalty upon the defendant," "imposed only following conviction," varies in severity with the nature of the crime committed, and is collected in the same manner as fines. *Id.* at 1021. The court also noted that the Senate Report which accompanied the bill containing the assessment provisions referred to the assessment using such terms as "penalty fee." *Id.* (citing S.Rep. No. 497, 98th Cong., 2d Sess. 13, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3607, 3619). These factors led the court to conclude that the assessment was a punishment within the meaning of the ACA.

Interpreting the provisions of § 3013 in a quite different context unrelated to the ACA, the Third and the Eighth Circuits have concluded that the assessment is not punitive. In *United States v. Donaldson*, 797 F.2d 125 (3d Cir.1986), the Third Circuit considered whether Congress intended § 3013's special assessment to be levied per defendant or per count. Because the statute was not express on this point, the defendant argued that under the rule of lenity in interpreting ambiguous criminal statutes the ambiguity had to be resolved in her favor. The *Donaldson* court held that the rule of lenity did not apply because the purpose of § 3013 was to aid victims of crimes, not to punish criminals. *Id.* at 127. In *United States v. Dobbins*, 807 F.2d 130, 131 (8th Cir.1986), the Eighth Circuit considering the same issue rejected the reasoning of *Mayberry* as applied in the ACA context and adopted the reasoning of *Donaldson* in concluding that § 3013 did not constitute punishment for purposes of invoking the rule of lenity.

■ We agree with *Mayberry*'s analysis and conclude that the assessment is a punishment for purposes of applying the ACA's "like punishment" limitation, without regard to how it should be considered for purposes of invoking the rule of lenity. As *Mayberry* noted, in "practical effect"

the assessment is "indistinguishable from a criminal fine." *Mayberry*, 774 F.2d at 1021. The failure to pay the assessment like the failure to pay a fine, can result in further imprisonment.

This conclusion is bolstered by the recent post-*Donaldson/Dobbins* decision of the Supreme Court in *Ray v. United States*, — U.S. —, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1987). The Supreme Court had granted certiorari in *Ray* to review the Fifth Circuit's application of the "concurrent sentence doctrine." *Id.* The Fifth Circuit, after affirming Ray's conviction of one count of possession, had declined to review his conviction on another count of possession because his sentences on the two counts were to run concurrently. The Supreme Court never reached the concurrent sentence doctrine question, however, because it found that Ray was "not in fact serving concurrent sentences." *Id.* The district court had imposed on Ray a $50 special assessment under § 3013 for each of the two possession counts (in line, incidentally, with the construction of § 3013 by the *Donaldson* and *Dobbins* courts). Because whether Ray was obligated to pay the second $50 depended on the validity of his conviction on the second possession count, the Court concluded that his sentences were not concurrent and remanded the case. The Supreme Court thereby held that a special assessment imposed under § 3013 must be considered part of the defendant's sentence on the underlying offense. Holding that the nature of the assessment is such that it is part of the defendant's *sentence* is no different from holding that the assessment is part of the defendant's punishment. We therefore reject the government's assertion that the assessment is, for the purposes here in issue, merely a revenue-producing measure, and not "punishment" within contemplation of the ACA.

### B

The government's contention that § 3013's later enactment amended the ACA in the relevant respect in effect invites us to find that § 3013 partially repeals the "like punishment" provision of the Assimilative Crimes Act. We decline to do so.

■ As the Supreme Court has again recently reminded us, "repeals by implication are not favored" and "will not be found unless an intent to repeal is 'clear and manifest.'" *Rodriguez v. United States*, — U.S. —, —, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (per curiam) (citing *United States v. Borden Co.*, 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939) (quoting *Red Rock v. Henry*, 106 U.S. (16 Otto) 596, 602, 1 S.Ct. 434, 439, 27 L.Ed. 251 (1883))). An intent to repeal can be implied only from "irreconcilable conflict" between enactments. *Rodriguez*, — U.S. at —, 107 S.Ct. at 1392 (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982)). The provisions of the statutes at issue here, however, can be read harmoniously without resort to implied amendment or repeal of either. The ACA defines the circumstances under which the special assessment may be imposed, while § 3013 specifies the amount of the assessment and the manner of collection in those cases in which the district court has the authority to impose it.

The government protests that to read this ACA limitation into § 3013 will substantially impair the achievement of the beneficial purposes of the latter. Again, the Supreme Court has provided a definitive response to this argument.

> [N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice— and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.

*Rodriguez*, — U.S. at —, 107 S.Ct. at 1393.

■ We therefore reject the argument that § 3013 has impliedly amended the ACA in the critical respect at issue. We conclude instead that § 3013 applies to offenses under the ACA, but subject to the "like punishment" limitations of the latter.

## IV

We hold that the special assessment provided by 18 U.S.C. § 3013 may not be imposed on a person convicted under the ACA unless the applicable state law provides a "like punishment." Because Maryland law does not do so, we affirm the district court's decision.

AFFIRMED.