**UNITED STATES of America**

v.

**Donald T. HEARD.**

**Crim. No. 88–240.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 13, 1988.

Eric William Ruschky, Asst. U.S. Atty., Columbia, S.C., for plaintiff.

John H. Hare, Asst. Federal Public Defender, Columbia, S.C., for defendant.

ORDER

HAMILTON, District Judge.

The defendant appeals from the order of United States Magistrate E.S. Swearingen imposing a special assessment of $25.00, 18 U.S.C. § 3013(a)(1)(A), following defendant's guilty plea to the offense of driving with expired license plates in violation of the Assimilative Crimes Act, 18 U.S.C. § 13, and S.C.Code Ann. § 56–3–110 (Law. Co-op.1976). Because the offense for which defendant was convicted on his guilty plea occurred [December 18, 1987] after the 1987 amendment [December 11, 1987] to 18 U.S.C. § 3013, the judgment and sentence of Magistrate Swearingen is affirmed.

In *United States v. King*, 824 F.2d 313 (4th Cir.1987), it was held that the special assessment under 18 U.S.C. § 3013 could not be imposed on a defendant convicted under the Assimilative Crimes Act, 18 U.S.C. § 13, unless the defendant would be subject to "like punishment" if convicted of the same offense in the territory embraced by the federal reservation or enclave where the crime was committed. *King*, 824 F.2d at 315. *Accord, United States v. Mayberry*, 774 F.2d 1018 (10th Cir.1985). *See also, United States v. Robertson*, 638 F.Supp. 1202 (E.D.Va.1986). It is not disputed that under South Carolina law, the jurisdiction embraced by the federal reservation where defendant's traffic offense occurred, 18 U.S.C. § 13, does not provide for a special assessment of any kind for the type non-moving traffic offense for which defendant was convicted. *See* S.C.Code Ann. § 24–23–210 (Law.Co-op.1976). But for the December 11, 1987 amendment to 18 U.S.C.

---

§ 3013, the *King* precedent would control the decision in this case.

However, on December 11, 1987, Congress amended § 3013 to make the federal assessment specifically applicable to all individuals convicted under the Assimilative Crimes Act, 18 U.S.C. § 13, regardless of whether state law provides for a "like punishment." *United States v. Davis*, 845 F.2d 94 (5th Cir.1988). The 1987 amendment added subsection (d) to 18 U.S.C. § 3013:

> (d) For the purpose of this section, an offense under section 13 of this title is an offense against the United States.

Criminal Fine Imprisonment Act of 1987, Pub.L. No. 100–185, § 3, 101 Stat. 1279 (1987).

The legislative history of this amendment reflects that Congress amended § 3013 to make explicit its intent that the federal assessment be applied to all convictions under the Assimilative Crimes Act, 18 U.S. C. § 13, and in so doing, the "like punishment" rationale of *United States v. King, supra,* was specifically overturned. In this respect Congress stated:

> New section 3013(d) clarifies that judges must impose a special assessment upon persons convicted of an offense under the Assimilative Crimes Act.[21] Section 3013 currently requires the court to impose a special assessment upon any person convicted of a federal offense. Several courts have held that special assessments are not applicable to convictions under the Assimilative Crimes Act.[22] Because the Committee sees no reason to distinguish, for purposes of special assessments, convictions under the Assimilative Crimes Act from convictions under other provisions of Federal law, new section 3013(d) overturns those decisions.

---

[21] 18 U.S.C. 13.

[22] See *United States v. King,* 824 F.2d 313 (4th Cir.1987); *United States v. Mayberry,* 774 F.2d 1018 (10th Cir.1985).

H.R.Rep. No. 390, 100th Cong., 1st Sess. 4 (1987), U.S.Code Cong. & Admin.News 1987, pp. 2137, 2140.

In view of this clear and unambiguous expression of Congressional intent, which "overturns" *United States v. King,* 824 F.2d 313 (4th Cir.1987), and considering that defendant's traffic offense occurred [December 18, 1987] after the amendment [December 11, 1987] to 18 U.S.C. § 3013, the imposition of the $25.00 special assessment was proper. Accordingly, the sentence and order appealed from is affirmed.

IT IS SO ORDERED.