878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Nathaniel BRICE, Defendant-Appellant.
 No. 88-6074.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 10, 1989.
Decided June 30, 1989.
Rehearing and Rehearing In Banc Denied Aug. 9, 1989.
 
 Avery Nathaniel Brice, appellant pro se.
 David Alan Graham, Office of the United States Attorney, for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Avery Nathaniel Brice appeals the order of the district court denying his motion brought pursuant to Fed.R.Crim.P. 35(a) to correct an illegal sentence. The district court denied relief. We conclude that a portion of Brice's sentence is illegal, and remand the case for further proceedings.
 
 
 2
 * Brice was convicted by a jury of all four counts in a four-count indictment. Counts 1 and 2 charged bank robbery and bank larceny, in violation of 18 U.S.C. Sec. 2113(a) and (b), respectively, incident to the robbery of a branch of the First Citizens Bank and Trust on January 8, 1987. Counts 3 and 4 charged bank robbery and bank larceny, respectively, incident to the robbery of a branch of the NCNB on January 15, 1987. The judgment of conviction indicates that Brice was sentenced to a term of imprisonment of 12 years on Counts 1 and 2, which were merged for sentencing, and to 8 years on Counts 3 and 4, which were merged for sentencing, consecutive to the term imposed on Counts 1 and 2. Brice was also assessed, under 18 U.S.C. Sec. 3013(a)(2)(A), the maximum $50 for each conviction, for a total of $200. Brice's convictions were affirmed on direct appeal. United States v. Brice, No. 87-5585 (4th Cir. Dec. 28, 1987) (unpublished).
 
 
 3
 In his Rule 35(a) motion Brice contended that his rights under the Double Jeopardy Clause were violated because he was illegally sentenced for both bank robbery (Sec. 2113(a)) and bank larceny (Sec. 2113(b)) for each of the two bank robberies. As relief Brice requested that the sentence be corrected to reflect a 6-year sentence for the first robbery and a 4-year sentence for the second robbery. The district court concluded that Brice's sentences were not illegal under the first clause of Rule 35(a);[1] and assuming that Brice's sentence fell under the second clause of the rule, the court lacked jurisdiction because the 120-day period for brining such motions had passed. Alternatively, the court concluded that even if it had jurisdiction it would deny the motion to correct the sentence.
 
 II
 
 4
 A claim alleging multiple sentences for a single offense is the type of error contemplated for correction at any time under Rule 35(a). See Heflin v. United States, 358 U.S. 415, 418 n. 7, 422 (recognizing that Rule 35(a), to correct illegal sentences, is appropriate to remedy multiple sentences under the Federal Bank Robbery Act); see also Hill v. United States, 368 U.S. 424, 430 (1962) (same).
 
 
 5
 In United States v. Whitley, 759 F.2d 327 (4th Cir.) (en banc), cert. denied, 474 U.S. 873 (1985), this Court decided that the several subdivisions of 18 U.S.C. Sec. 2113 created a series of lesser included offenses involving bank robbery. Multiple convictions and sentences, therefore, for both bank robbery under 18 U.S.C. Sec. 2113(a) and bank larceny under 18 U.S.C. Sec. 2113(b), where only one bank robbery was committed is error. United States v. Amos, 566 F.2d 899 (4th Cir.1977). See also Heflin v. United States, 358 U.S. 415 (1959), Prince v. United States, 352 U.S. 322 (1957).
 
 
 6
 The imposition of the special assessment on Brice's two Sec. 2113(b) convictions was improper because a separate punishment for the two Sec. 2113(b) counts was not possible under Whitley, supra. Although no prison time was imposed on the bank larceny counts, the presence of the improper assessments support the conclusion that Brice has suffered four convictions, instead of two, for his two bank robberies. The Supreme Court has observed, in the concurrent sentence context, that even convictions not carrying additional incarceration constitute impermissible punishment with potential adverse consequences:
 
 
 7
 The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. [citations omitted] Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.
 
 
 8
 Ball v. United States, 470 U.S. 856, 864-65 (1985) (emphasis in original).
 
 
 9
 Moreover, the special assessments on the bank larceny counts were, in fact, separate punishments. In United States v. King, 824 F.2d 313 (4th Cir.1987), this court examined, in the context of an Assimilative Crimes Act conviction, whether the special assessment under Sec. 3013 constituted punishment. The court concluded that it did and that it was " 'indistinguishable from a criminal fine.' " Id. at 317, citing United States v. Mayberry, 774 F.2d 1018, 1021 (10th Cir.1985). Significant to our conclusion in King was the Supreme Court's treatment of special assessments in the context of concurrent sentences. In Ray v. United States, 481 U.S. 736 (1987), the Court concluded that because special assessments had been imposed on all counts, the petitioner was not serving concurrent sentences. We interpreted the Ray Court's conclusion in this regard to mean that the special assessments must be considered part of the defendant's sentence on the underlying count, and, therefore, part of the punishment. King, 824 F.2d at 317. See also United States v. Smith, 818 F.2d 687, 690 (9th Cir.1987) (special assessment under Sec. 3013 is a punishment).
 
 
 10
 It is apparent that the district court, consistent with Whitley, intended that the sentences imposed on Brice be for the two greater offenses described in counts 1 and 3 for violations of Sec. 2113(a). The court correctly specified that the convictions for the lesser offenses described in counts 2 and 4 "merged" with their respective greater offenses; i.e., the lesser offenses were subsumed by the greater offenses and, upon affirmance of the greater offenses, ceased to be of legal consequence. Brice, therefore, suffered only one conviction, not two, for each of the bank robberies. This conclusion, however, in no way affects Brice's term of incarceration. To the contrary, his 12-year sentence for count 1 and his 8-year sentence for count 3 are within the range allowed by Sec. 2113(a) and are not illegal or otherwise improper.
 
 
 11
 Accordingly, we affirm the district court's order to the extent that it found no merit to Brice's claim that his terms of incarceration were illegal. Because special assessments were improperly imposed on the bank larceny counts, however, we vacate the district court's order to the extent that it failed to correct this illegal sentence under Rule 35(a), and remand with directions to vacate the special assessments imposed on counts 2 and 4, and, to modify the judgment of conviction to indicate that the 12-year sentence was for count 1 and the 8-year sentence for count 3.
 
 
 12
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.[2]
 
 
 13
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 [1]
 Because Brice's offenses were committed prior to November 1, 1987, the effective date of the Sentencing Reform Act of 1984, the old Rule 35(a) applies to this case. That rule reads:
 Rule 35(a). Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 
 
 [2]
 Brice's motion to expedite his appeal is granted insofar as his appeal has been considered as expeditiously as possible, consistent with the management of this Court's docket. In view of our disposition in this case, Brice's motion for release on bail pending appeal is denied