.                ▸iC^▨(▨(D^▨(¬..              ▸iC^▨(▨(D^▨(A99468✿ÿ4.u994684
U    CD^▨(│(n]▨(¬m←A99187✿æ4.u991874  U
ÜD^▨(│(m]▨(=K,A99422✿É7.u994227   U
.E^▨(│(¥]▨(Σ∩◘A99488✿40.u994880   U    !F^▨(│(φ]▨(ε‼

A99449✿p7.u994497  U    ⊥F^▦(│(n]▦(²ï σ99449✿ü7.txuσ94497  TXU
⊥F^▦(│(n]▦(²ï A99435✿F0.u994350  U    ¡C^▦(│(n]▦(½Σ'UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                      No. 99-4350

KENNY KOONGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-129)

Argued: April 4, 2000

Decided: May 19, 2000

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge,
and Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Dale Warren Dover, Alexandria, Virginia, for Appellant.
Rita Marie Glavin, Special Assistant United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia,
for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

Kenny Koonge appeals from an order of the district court affirming
his conviction after a bench trial before a United States Magistrate
Judge. Koonge was convicted of 1) driving under the influence of
alcohol ("DUI") in violation of 36 C.F.R.S 4.23(a)(1); 2) reckless
driving in violation of 36 C.F.R. S 4.2, incorporating Va. Code
S 46.2-852; and 3) crossing the median in violation of 36 C.F.R.
S 4.10(a). The judge imposed a sentence of 18 months' probation with
special conditions, fines of $950 and a special assessment of $30. We
affirm.

I.

On November 21, 1998, at approximately 8:00 a.m., the vehicle
that Koonge was driving crossed the median of the George Washing-
ton Parkway in northern Virginia and struck an oncoming vehicle.
Because the Parkway is within the special maritime and territorial
jurisdiction of the federal government, the United States Park Police
responded to the accident. Koonge was issued citations for the follow-
ing infractions: 1) DUI in violation of 36 C.F.R.S 4.23(a)(1); 2) reck-
less driving in violation of 36 C.F.R. S 4.2, incorporating Va. Code
S 46.2-852; 3) operating an uninsured vehicle in violation of 36
C.F.R. S 4.2, incorporating Va. Code S 46.2-707; 4) driving over the
median in violation of 36 C.F.R. S 4.10(a); and 5) operating a motor
vehicle on a suspended license in violation of 36 C.F.R. S 4.2, incor-
porating Va. Code S 46.2-301.

Koonge appeared before a federal magistrate judge on February 16, 1999 and pled not guilty to all of the charges. The charges for driving an uninsured vehicle and for driving on a suspended license were subsequently dropped. Koonge also moved for dismissal of either the reckless driving charge or the DUI charge, pursuant to a Virginia statute that provides as follows:

2

> Whenever any person is charged with a violation of S 18.2-51.4 or S 18.2-266 [driving under the influence of alcohol or drugs] or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

Va. Code S 19.2-294.1 (LEXIS 1999). Koonge claimed that this provision of the Virginia Code was incorporated into the reckless driving charge, pursuant to 36 C.F.R. S 4.2, which provides in relevant part that

> [u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a [national] park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

36 C.F.R. S 4.2(a). The court denied the motion, finding that Va. Code S 19.2-294.1 is procedural in nature and inapplicable to federal courts. The case then proceeded to trial.

The evidence at trial showed that Koonge's vehicle had crossed the median and struck another vehicle. The driver of the other vehicle, Dr. Thareparambil Jacob Joseph, testified that following the accident, he approached Koonge and smelled alcohol on his person. The Park Police at the scene administered field sobriety tests, which Koonge failed. Breathalyzer tests were also administered approximately 2 hours after the accident. Koonge registered .063 and .058, both of which are within the "under the influence" range and below the level of intoxication.*

At trial, Koonge testified that he had consumed only one alcoholic
beverage during the time period from 11:00 p.m. until the time the
accident occurred the next morning. He further testified that he
entered the median after simply losing control of his vehicle. (In his
statement at the scene, Koonge told the Park Police that he had

_____

*Intoxication is a reading of .10 or higher. See  36 C.F.R. S
4.23(a)(2).

3

swerved into the median when he was cut off by another vehicle.) The
Magistrate Judge rejected Koonge's testimony and found him guilty
of all charges.

The defendant then reasserted his contention that the dual convic-
tions for reckless driving and DUI were improper, in light of Va.
Code S 19.2-294.1. The court rejected that argument, finding no pro-
hibition against conviction on both counts in federal court. Koonge
was sentenced to 18 months' probation with special conditions,
including the completion of an alcohol education program and
restricted driving privileges, and to fines of $950 and a $30 special
assessment.

On April 23, 1999, the district court affirmed the decision of the
Magistrate Judge, over Koonge's objections. The court found 1) that
the evidence was sufficient to sustain the conviction, and 2) that Va.
Code S 19.2-294.1 was a procedural rule and inapplicable in federal
court. This appeal followed.

II.

A.

We review sufficiency of the evidence to sustain a guilty charge by
asking whether, when viewed in the light most favorable to the gov-
ernment, the evidence at trial provided a sufficient basis for having
found the defendant guilty beyond a reasonable doubt. See United
States v. Williams, 405 F.2d 14, 17 (1968) (bench trial); United States
v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (trial by jury).
See also Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v.
United States, 315 U.S. 60, 80 (1942).

Here, Koonge contends that the evidence was insufficient to sustain either the DUI or the reckless driving charge. We disagree. Several individuals testified that Koonge smelled of alcohol at the scene and appeared disoriented. Additionally, Koonge's own testimony was inconsistent, and he admitted he crossed the median. Thus, there was sufficient evidence from which a reasonable trier of fact could have determined that Koonge was driving under the influence of alcohol on

4

the George Washington Parkway and that his failure to control his
vehicle amounted to reckless driving. As there was independent evi-
dence to support these conclusions, we cannot fault the magistrate
judge for choosing to discredit the testimony of Koonge. The fact-
finder's credibility determinations are not a subject of appellate
review. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir.
1997).

B.

We review de novo the district court's legal conclusions. See
United States v. Lipford, 203 F.3d 259, 270 (4th Cir. 2000). Koonge
contends that the trial court erred in refusing to dismiss the reckless
driving charge, as Va. Code S 19.2-294.1 instructs Virginia courts to
do when a defendant is also charged with DUI. Koonge argues that,
contrary to the trial court's finding, this provision is substantive in
nature and therefore is assimilated into the federal law that governs
his conviction. See United States v. King, 824 F.2d 313, 315 (4th Cir.
1987) (stating that the Assimilative Crimes Act of 1942, 18 U.S.C.
S 13, (the "ACA") assimilates the entire substantive criminal law of
the state); Kay v. United States, 255 F.2d 476, 478 (4th Cir. 1958)
(holding that the ACA assimilates entire substantive law but does not
generally adopt state procedural rules). We reject the contention,
however, that at issue here is whether the Virginia state law prohibi-
tion on dual convictions for DUI and reckless driving is a substantive
or a procedural rule.

We find persuasive the government's position that the ACA is
irrelevant in this case. We find Koonge's reliance on Virginia law to

be inapposite, since he was convicted under federal regulations. See United States v. Eubanks, 435 F.2d 1261, 1262 (4th Cir. 1971) (per curiam). Because Koonge was charged pursuant to the Secretary of the Interior's regulations governing vehicles and traffic safety in parks, forests, and public property under the purview of the Department of the Interior, the ACA simply was not invoked in charging Koonge with reckless driving. Specifically, Koonge's DUI charge arose under federal law, i.e., 36 C.F.R. S 4.23(a)(1), the federal DUI offense. Koonge's reckless driving offense, charged pursuant to 36 C.F.R. S 4.2, is likewise a federal offense, although it relies on the reckless driving provision of the Va. Code for its elements. Even if

5

we were to find that this reckless driving provision brought along
with it the prohibition on dual convictions for DUI and reckless driv-
ing under Virginia law, that finding would not alter the outcome in
this case. Here, the DUI conviction is for a purely federal offense, and
therefore the prohibition on dual convictions under Virginia state law
is not triggered.

AFFIRMED

6UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4684

DAVID ALAN HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-7)

Submitted: May 10, 2000

Decided: May 19, 2000

Before LUTTIG and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

COUNSEL

M. Gordon Widenhouse, Jr., Chapel Hill, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld,
Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

David Alan Harvey appeals the sixty-three-month sentence
imposed by the district court after he pled guilty to armed bank
rob-
bery, 18 U.S.C.A. S 2113(d) (West Supp. 2000), and attempted
armed
robbery, 18 U.S.C.A. S 2113(c) (West Supp. 2000). Harvey contends
that the district court failed to recognize its authority to
depart down-
ward for diminished capacity, aberrant behavior, post-offense
rehabil-
itation, and substantial restitution. We dismiss the appeal for
lack of
jurisdiction.

In 1996, Harvey's doctor prescribed Demerol and Seconal for fre-
quent migraine headaches. By 1998, Harvey was addicted to these
medications, and was obtaining large quantities of them from two
doctors and emergency room visits. On December 24, 1998, Harvey
robbed a pharmacy with a BB gun, taking Demerol and Seconal.* On
December 26, 1998, he robbed a Phar-Mor pharmacy of Demerol and
Seconal. On December 31, 1998, Harvey was fired from his job as
sales manager at a car dealership because he was under the
influence
of medication and unable to perform his duties. The same day, he
robbed a bank of $169,700. Harvey was arrested a few days later.
All
but $20,150 of the money stolen from the bank was recovered. By
the
date of sentencing, Harvey had repaid the loss to Phar-Mor and
$15,000 to the bank, but still owed the bank $5000.

Harvey requested a departure based on aberrant conduct, dimin-
ished capacity, post-offense rehabilitation, and substantial
restitution,
as well as his "extraordinary cooperation with authorities and
accep-
tance of responsibility . . . his education, vocational skills,
work his-

tory, and family responsibilities, and the unlikelihood this conduct
would ever recur."

_____

*This conduct was not charged or treated as relevant conduct.

2

At the sentencing hearing, the district court initially observed that
it did not believe that it had discretion to depart downward on the
grounds urged by Harvey because the facts did not warrant a depar-
ture. The court expressed sympathy for Harvey, and stated that if it
had discretion to depart, it might do so. However, after hearing argu-
ment, the district court stated:

> I don't believe, as a legal and factual matter under the facts
> of this case, that the arguments you have made give the
> Court a legal basis to depart below the guideline. That is, I
> recognize that under certain circumstances you can depart
> for each of these three grounds.
>
> I don't find any support for finding that the acts in this case
> -- that is, the bank robbery, the robbery of the pharmacy,
> and possibly the other pharmacy robbery, or attempted rob-
> bery, for that matter -- are such that you would be entitled
> to depart [sic] for an aberrant act, for diminished capacity,
> or for the extraordinary acceptance of responsibility after
> these acts had been committed. That is, individually and in
> combination, I still don't find that these facts would allow
> the Court to have the discretion to do that as a matter of fact
> and as a matter of law.
>
> So I am not refusing to exercise my discretion in this matter.
> I am simply finding that under the facts and circumstances
> of the case, the facts and the law do not permit a departure.

The appeals court "lacks authority to review a decision of the dis-
trict court not to depart from the applicable guideline range when that
decision rests upon a determination that a departure is not
warranted."

United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997) (citing United
States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)). However, if the
court decides not to depart because it believes it lacks legal authority
to depart, the court of appeals may review that decision. See Brock,
108 F.3d at 33. The Supreme Court has explained that any factor that
is not forbidden as a possible ground for departure under the guide-
lines may permit a departure, if "the factor, as occurring in the partic-
ular circumstances, takes the case outside the heartland of the

3

applicable Guideline." Koon v. United States , 518 U.S. 81, 109
(1996).

In Brock, this Court listed the forbidden factors:

    [D]rug or alcohol dependence or abuse (U.S.S.G. S 5h1.4,
    p.s.); race, sex, national origin, creed, religion, or
socioeco-
    nomic status (U.S.S.G. S 5H1.10, p.s.); lack of youthful
    guidance or similar circumstances indicating a disadvan-
    taged upbringing (U.S.S.G. S 5H1.12, p.s.).

108 F.3d at 33.

In this case, the district court correctly decided that Harvey's
drug
addiction was not a permissible ground for departure. In light of
Koon
and Brock, the court could not have been in doubt about its
authority
to depart on the non-forbidden grounds put forward by Harvey, if
the
factor was present to an exceptional degree or otherwise made the
case an atypical one. See Brock, 108 F.3d at 35. The court
determined
that the facts did not justify a departure and decided not to
depart.
When the district court finds factors that might, if the facts
were dif-
ferent, support a departure, but do not support a departure in
the case
under consideration, the appeals court lacks authority to review
the
decision. See United States v. DeBeir, 186 F.3d 561, 573 (4th
Cir.
1999).

We therefore dismiss the appeal for lack of jurisdiction. We dis-
pense with oral argument because the facts and legal contentions
are
adequately presented in the materials before the court and
argument
would not aid the decisional process.

DISMISSED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: THEODORE MATTHEWS, JR. and
ALEXIS DIANNE MATTHEWS,
Debtors.

THEODORE MATTHEWS, JR.; ALEXIS
DIANNE MATTHEWS,
Plaintiffs-Appellants,                             No.
99-1874

v.

GERMANTOWN INJURY CARE CENTER,
INCORPORATED; PARAGON
MANAGEMENT SYSTEMS,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-1360-AMD, BK-97-1-5344-DK,
AP-98-1-A482-DK)

Argued: April 3, 2000

Decided: May 19, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

COUNSEL

ARGUED: Murray Leonard Deutchman, Rockville, Maryland, for
Appellants. Peter Thomas McDowell, Timonium, Maryland, for
Appellees. ON BRIEF: Edward L. Blanton, Jr., Towson, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

This case presents an appeal from an order of the United States
District Court for the District of Maryland (Davis, J.) adopting
the
recommendation of the United States Bankruptcy Court to dismiss,
on
res judicata grounds, the plaintiffs-appellants' damages claims
under
11 U.S.C. S 362 and Maryland common law claims for abuse of pro-
cess, false imprisonment, and malicious prosecution. The
plaintiffs-
appellants also appeal from so much of the district court's order
as
dismissed their joint claim for loss of consortium. Finding no
error,
we affirm.

In 1994, plaintiff-appellant Alexis Matthews ("Alexis") sustained
serious injuries for which she obtained medical treatment. Among
her
medical care providers was the defendant-appellee Germantown
Injury Care Center, Inc. ("Germantown"). Subsequently, Alexis was
unable to timely pay her medical and other bills and the Matthews
(Alexis and Theodore, her husband) filed a joint petition for
bank-
ruptcy under Chapter 7. On June 1, 1997, the bankruptcy court
issued
a Notice of Commencement of Case, which contained instructions
that creditors should not take any action against the debtors
without

first seeking the permission of the bankruptcy court. Nevertheless, on
July 7, 1997, Germantown requested the issuance of a body attach-
ment for Alexis so she would appear in court in aid of Germantown's

efforts to collect on the past due debt. The Clerk of the District Court
of Maryland caused a bench warrant to issue, the body attachment
was executed, and Alexis was taken into custody, handcuffed, and
incarcerated. She was also handcuffed and she was later brought to
court, where she was released on bond pending resolution of the
bankruptcy.

Alexis applied to the bankruptcy court for the entry of an order
holding Germantown in contempt for causing the body attachment to
issue in violation of the bankruptcy court stay. In her application,
Alexis specifically asserted that Germantown's actions were taken
"notwithstanding the provisions of the United States Bankruptcy
Code Section 362."* She requested (1) a declaratory judgment that
Germantown had violated the bankruptcy laws; (2) damages in the
form of attorneys' fees and costs; (3) a permanent injunction against
further efforts to collect the debt without court permission; and (4)
whatever further relief would be proper. With her application, Alexis
submitted a proposed order to show cause to the bankruptcy court. On
January 26, 1998, the bankruptcy court signed the proposed order,
issuing a "Show Cause Order For Contempt and Damages Pursuant
to 11 U.S.C. Section 362(h)." After the signed order had been entered,
copies were sent to Alexis' attorney. Section 362(h) provides that
"[a]n individual injured by any willful violation of a stay provided by
this section shall recover actual damages, including costs and attor-
neys' fees, and, in appropriate circumstances, may recover punitive
damages."

On February 13, 1998, the Matthews filed a complaint against Ger-
mantown in the United States District