**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4350

KENNY KOONGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-129)

Argued: April 4, 2000

Decided: May 19, 2000

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge,
and Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Dale Warren Dover, Alexandria, Virginia, for Appellant.
Rita Marie Glavin, Special Assistant United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia,
for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenny Koonge appeals from an order of the district court affirming his conviction after a bench trial before a United States Magistrate Judge. Koonge was convicted of 1) driving under the influence of alcohol ("DUI") in violation of 36 C.F.R.§ 4.23(a)(1); 2) reckless driving in violation of 36 C.F.R. § 4.2, incorporating Va. Code § 46.2-852; and 3) crossing the median in violation of 36 C.F.R. § 4.10(a). The judge imposed a sentence of 18 months' probation with special conditions, fines of $950 and a special assessment of $30. We affirm.

I.

On November 21, 1998, at approximately 8:00 a.m., the vehicle that Koonge was driving crossed the median of the George Washington Parkway in northern Virginia and struck an oncoming vehicle. Because the Parkway is within the special maritime and territorial jurisdiction of the federal government, the United States Park Police responded to the accident. Koonge was issued citations for the following infractions: 1) DUI in violation of 36 C.F.R.§ 4.23(a)(1); 2) reckless driving in violation of 36 C.F.R. § 4.2, incorporating Va. Code § 46.2-852; 3) operating an uninsured vehicle in violation of 36 C.F.R. § 4.2, incorporating Va. Code § 46.2-707; 4) driving over the median in violation of 36 C.F.R. § 4.10(a); and 5) operating a motor vehicle on a suspended license in violation of 36 C.F.R. § 4.2, incorporating Va. Code § 46.2-301.

Koonge appeared before a federal magistrate judge on February 16, 1999 and pled not guilty to all of the charges. The charges for driving an uninsured vehicle and for driving on a suspended license were subsequently dropped. Koonge also moved for dismissal of either the reckless driving charge or the DUI charge, pursuant to a Virginia statute that provides as follows:

2

> Whenever any person is charged with a violation of § 18.2-51.4 or § 18.2-266 [driving under the influence of alcohol or drugs] or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

Va. Code § 19.2-294.1 (LEXIS 1999). Koonge claimed that this provision of the Virginia Code was incorporated into the reckless driving charge, pursuant to 36 C.F.R. § 4.2, which provides in relevant part that

> [u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a [national] park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

36 C.F.R. § 4.2(a). The court denied the motion, finding that Va. Code § 19.2-294.1 is procedural in nature and inapplicable to federal courts. The case then proceeded to trial.

The evidence at trial showed that Koonge's vehicle had crossed the median and struck another vehicle. The driver of the other vehicle, Dr. Thareparambil Jacob Joseph, testified that following the accident, he approached Koonge and smelled alcohol on his person. The Park Police at the scene administered field sobriety tests, which Koonge failed. Breathalyzer tests were also administered approximately 2 hours after the accident. Koonge registered .063 and .058, both of which are within the "under the influence" range and below the level of intoxication.*

At trial, Koonge testified that he had consumed only one alcoholic beverage during the time period from 11:00 p.m. until the time the accident occurred the next morning. He further testified that he entered the median after simply losing control of his vehicle. (In his statement at the scene, Koonge told the Park Police that he had

_____

*Intoxication is a reading of .10 or higher. See 36 C.F.R. § 4.23(a)(2).

3

swerved into the median when he was cut off by another vehicle.) The Magistrate Judge rejected Koonge's testimony and found him guilty of all charges.

The defendant then reasserted his contention that the dual convictions for reckless driving and DUI were improper, in light of Va. Code § 19.2-294.1. The court rejected that argument, finding no prohibition against conviction on both counts in federal court. Koonge was sentenced to 18 months' probation with special conditions, including the completion of an alcohol education program and restricted driving privileges, and to fines of $950 and a $30 special assessment.

On April 23, 1999, the district court affirmed the decision of the Magistrate Judge, over Koonge's objections. The court found 1) that the evidence was sufficient to sustain the conviction, and 2) that Va. Code § 19.2-294.1 was a procedural rule and inapplicable in federal court. This appeal followed.

II.

A.

We review sufficiency of the evidence to sustain a guilty charge by asking whether, when viewed in the light most favorable to the government, the evidence at trial provided a sufficient basis for having found the defendant guilty beyond a reasonable doubt. See United States v. Williams, 405 F.2d 14, 17 (1968) (bench trial); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (trial by jury). See also Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942).

Here, Koonge contends that the evidence was insufficient to sustain either the DUI or the reckless driving charge. We disagree. Several individuals testified that Koonge smelled of alcohol at the scene and appeared disoriented. Additionally, Koonge's own testimony was inconsistent, and he admitted he crossed the median. Thus, there was sufficient evidence from which a reasonable trier of fact could have determined that Koonge was driving under the influence of alcohol on

4

the George Washington Parkway and that his failure to control his vehicle amounted to reckless driving. As there was independent evidence to support these conclusions, we cannot fault the magistrate judge for choosing to discredit the testimony of Koonge. The fact-finder's credibility determinations are not a subject of appellate review. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

B.

We review de novo the district court's legal conclusions. See United States v. Lipford, 203 F.3d 259, 270 (4th Cir. 2000). Koonge contends that the trial court erred in refusing to dismiss the reckless driving charge, as Va. Code § 19.2-294.1 instructs Virginia courts to do when a defendant is also charged with DUI. Koonge argues that, contrary to the trial court's finding, this provision is substantive in nature and therefore is assimilated into the federal law that governs his conviction. See United States v. King, 824 F.2d 313, 315 (4th Cir. 1987) (stating that the Assimilative Crimes Act of 1942, 18 U.S.C. § 13, (the "ACA") assimilates the entire substantive criminal law of the state); Kay v. United States, 255 F.2d 476, 478 (4th Cir. 1958) (holding that the ACA assimilates entire substantive law but does not generally adopt state procedural rules). We reject the contention, however, that at issue here is whether the Virginia state law prohibition on dual convictions for DUI and reckless driving is a substantive or a procedural rule.

We find persuasive the government's position that the ACA is irrelevant in this case. We find Koonge's reliance on Virginia law to be inapposite, since he was convicted under federal regulations. See United States v. Eubanks, 435 F.2d 1261, 1262 (4th Cir. 1971) (per curiam). Because Koonge was charged pursuant to the Secretary of the Interior's regulations governing vehicles and traffic safety in parks, forests, and public property under the purview of the Department of the Interior, the ACA simply was not invoked in charging Koonge with reckless driving. Specifically, Koonge's DUI charge arose under federal law, i.e., 36 C.F.R. § 4.23(a)(1), the federal DUI offense. Koonge's reckless driving offense, charged pursuant to 36 C.F.R. § 4.2, is likewise a federal offense, although it relies on the reckless driving provision of the Va. Code for its elements. Even if

5

we were to find that this reckless driving provision brought along with it the prohibition on dual convictions for DUI and reckless driving under Virginia law, that finding would not alter the outcome in this case. Here, the DUI conviction is for a purely federal offense, and therefore the prohibition on dual convictions under Virginia state law is not triggered.

<u>AFFIRMED</u>